In our second case of the morning is case number 11720, Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings, et al. Are you ready to proceed? Yes, ma'am. Appley, ready? You may proceed. Good morning, and may it please the court. Yes, ma'am. I'm Miriam Zarechny-Casper for the City of Chicago, its officials, and the Department of Administrative Hearings. The Illinois Municipal Code authorizes local governments to have a system of administrative adjudication as a fast and cost-effective way of resolving straightforward cases. Chicago set up its Department of Administrative Hearings under this authority and handles more than a half million cases a year there. Consistent with that purpose, the department allows corporations, like other respondents, to appear through lay representatives if they so choose. But the appellate court invalidated that rule on the sweeping basis that all proceedings at the department involve the practice of law and held that corporations must be represented by counsel there in all cases, even when the case involves a simple parking ticket. That ruling is wrong and at odds with the purpose of administrative adjudication, imposes senseless burdens on Illinois businesses, and should be reversed. The department was set up purposefully with lay people in mind. Its procedural rules are minimal and straightforward. There is a presumption against discovery. There are no juries. Very few motions are allowed and they are specified in the rules. The issues that get resolved are largely factual, whether the charge violation happened. The respondent comes in and answers with facts, such as what did the no parking sign say? Does that photograph show your overflowing dumpster and things of that nature? Proceedings at the department, in other words, do not typically call for a specialized legal skill beyond the knowledge of the average person. If anything, these proceedings are similar to and even less formal than small claims cases in the circuit court, in which this court has long authorized corporations to appear through lay representatives. Small claims courts consider tort or contract claims, meaning that those cases may involve legal questions of proximate causation, contract interpretation, and those would never arise at the Department of Administrative Hearings. Beyond that, small claims cases are more likely to involve discovery and motion practice. Motions to dismiss are allowed. And even still, this court has made the judgment call that the relative lack of complexity there and the low stakes involved make it unnecessary to require corporations to hire attorneys in those cases. Does the Department of Administrative Hearings regulations or rules allow a non-lawyer to represent an individual? Yes, they do. So you want to send your brother-in-law in who comes in and can represent you? Yes, the same rule applies to anyone appearing. So it's not just corporations? That's correct. Thank you. The appellate court's decision reached only corporations, however, and the appellate court did make a point of saying that its decision was made out of concern for protecting the rights of corporations, which we submit that that concern is not present at the Department of Administrative Hearings for the same reason it's not present in a small claims case. The rules are quite simple just as they are in a small claims case. And as I was saying, the stakes are very similar to in a small claims case. The jurisdictional limit in a small claims case is $10,000. And at the Department of Administrative Hearings, approximately 87% of the cases with a finding of libel come in for judgments of less than $10,000. And not just that, the average judgment comes in at a mere $454. So it makes really no sense at all to have a different rule for small claims and the Department of Administrative Hearings when it comes to attorney representation of corporations. So we submit that this court should join the majority of states to have considered the question and hold that lay representation of corporations by non-attorneys in administrative proceedings is permissible. And we would like to make an important point to the court, which is that if a corporation does conclude that it is in its best interest of its business to hire an attorney for a department proceeding, it is always free to do so. The department does not have a rule mandating that corporations not bring attorneys. Of course, the point of this case is to preserve the option of lay representation for a corporation when the corporation concludes it's not in its business interest to do so. For example, if the corporation's driver were to get a $50 parking ticket and it simply does not pay to get an attorney to do so, we simply urge the court to preserve that option for the corporation as a business decision like the decisions it makes every day in other contexts. Finally, we submit that were the court to adopt the appellate court's rule prohibiting lay representation, that it only do so prospectively. No case had ever held what the appellate court held in this case, and so no case had ever foreshadowed this result. On the contrary, the appellate court had held at least three times that such representation was permissible. Agencies across Illinois have the same practice as the department, and the department's rules are about as simple as they come. And retroactive application would also be seriously inequitable. Liability could be imposed on people who have been representing corporations without knowing that it was improper, and the administrative hearings department and the city and agencies across the state would not have the opportunity to amend the rules to comply with the order. Thank you, Your Honor. I have a question. It seems that in the factual situation here there's concern that anyone could come in and say that he or she was representing the corporation without the corporation's knowledge. In fact, that person could come in and admit violations. Is that true? In this case, that's not an open issue at all, Your Honor. That's because Mr. Johnson came in, he filed an appearance, and at the department an appearance is an affirmative representation under penalty of law that you are duly authorized to act for the corporation. And here the circuit court held that Mr. Johnson had apparent authority. Stone Street actually never challenged that ruling. It was a clear ruling. And how could it really have challenged that? Because Mr. Johnson came in with a picture of Stone Street's carbon monoxide detector after having been charged with not having one. He also had a work order signed by Mr. Farley, who was affiliated with the corporation, to install exit signs. Clearly, Mr. Johnson had apparent authority. Beyond that, the appellate court didn't rule on the basis that Mr. Johnson lacked some authority vis-a-vis Stone Street. It ruled on the basis that it thought that by simply filing the appearance and presenting these pieces of evidence, Mr. Johnson was practicing law. So we've gone so far beyond anything Mr. Johnson did that the issue of whether he was authorized or not is hardly in the case at all. It's not in the case at all anymore. And beyond that, if somebody did just walk in off the street, I don't think the corporation would be without a remedy. First of all, I don't know how often that would happen, but if it was somebody affiliated somehow with the corporation, maybe disgruntled employee or something like that, the corporation might have a remedy against that person. But certainly the department could fairly rely on the representation. There's a lot of cases that come through there. They could rely on the appearance. That's why it's made under oath. And the hearing officers are now instructed to ask the representative who is there whether they are authorized. And finally, beyond that, if the corporation could establish some kind of fraud on the agency down the road, maybe there could be some action to vacate for lack of jurisdiction as void for fraud on the court or something like that. So I don't think the corporation would ultimately be without a remedy if that extraordinary situation would present itself. But I think ultimately the interests of the corporation and its employees in a typical case, I just don't think they're going to be in conflict. Here even, although Stone Street makes some noises about Mr. Johnson not having parent authority, even though it didn't challenge that finding, there were violations. They were very clear what they were. He came in. He actually got one of them was not or one or two of them not liable. There was a failure to install a carbon monoxide detector. He brought a picture of a carbon monoxide detector. I mean, I don't think Stone Street would argue that the corporation would disagree with that. I mean, the violation was remedied. So I don't think these DOAH or department proceedings are frequently going to present issues where the members of the corporation are going to On the 1999 judgment, doesn't Section 21602B require that the petition to revive must be filed in the original case? That would be the administrative procedure of proceedings rather than the circuit court. Is that correct? The 1999 Department of Administrative Hearings judgment was registered in the circuit court in 2004, and then it was revived within 20 years under the statute to revive it, and it was done within that time. Certainly in 2012 is our position. So Section 12108, the enforcement of judgment, would not come into play here, seven-year rule bars? The section also allows the judgment to be revived within 20 years. And the city did so in 2012, and once the judgment was revived, it made the lien and reported then the lien properly on the title, and that mooted out any claim of quiet title. And, of course, this gets to the issue of Stone Street's claim for cross relief, which the appellate court did not address, and we submit that the court should not reach the cross relief at all for that reason, and if it did in any event, the cross relief is moot because the cross relief seeks to challenge the But even if there was something wrong with that lien, there's a fully proper lien now. Thank you. It's been remedied. Thank you, Your Honors. Thank you. May it please the Court. My name is Richard Linden. I represent Stone Street Carters. And I think it's very important not to lose sight, throughout counsel's argument, up until this Court's very last question, Keith Johnson and what happened in this case wasn't even mentioned. In this case, it's not about some other parking ticket. It's not about somebody parking in front of a hydrant, but it's based upon these facts. In these facts alone, the appellate court found that there's unauthorized practice of law. Now, if you look at the facts in this case, Mr. Johnson was a caretaker for the late Philip Farley, who suffered a mental debilitating stroke. He was no longer able to function in the city, and the city doesn't contest the findings. The appellate court found that notice was improper in this case. The statute required them to send notice to the registered agent or Stone Street's principal place of business. Instead, Stone Street owns a number of properties. The city sent the notice just to the property address where the late Philip Farley resided. What happened, Brian Farley, who submitted an affidavit, which is part of the administrative record, is indeed a lawyer, and he's sitting over here at the counsel table. Brian Farley would have appeared, but instead they sent the property address. Philip Farley, who was under debilitating mental state then, wasn't running the affairs of Stone Street, somehow his caretaker, Keith Johnson, who had no legal training, was simply a caretaker, showed up at the Department of Administrative Hearings. We don't know everything what occurred at the hearing, and it's not through the fall of Stone Street. The city destroyed the administrative record. The city's quick to point out, well, Johnson didn't do anything. He did a lot. What we know, based all the way back to 1868 precedent of this court and Nixon-Ellison, all the way through Goodman, the Bronx, all the way up to downtown disposal, if the service involves any type of legal skill or knowledge, that is a practice law. This court has held that from as early as 1868 for 100-some-odd years. Help me understand, Mr. Linden, your opening comments, that's based on this set of facts and this set of facts alone. Howard, not agreeing with your position in this case, wouldn't we be setting out a blanket rule that corporations must be represented by attorneys in administrative proceedings? That type of rule may be proper, but I think it should be decided based on the facts of this case. In the appellate court rule, maybe they went further in dicta, but in this case, somebody appearing at a hearing. Isn't that what you're arguing, though, that he wasn't engaged in the practice of law and shouldn't have been able to appear? You're not arguing that, or are you arguing, that he should just not have been allowed to represent Stone Street? No. I believe based on the rulings of this court and the Corporation Act, the prohibition against something called the Attorney-Corporation Act, that did involve the practice of law in Mr. Johnson. What we're not saying is I don't think the court needs to go further other than saying in this case, Keith Johnson, by appearing at a contested administrative hearing and offering evidence, and we don't know if he put on any witnesses, we don't know if he cross-examined any witnesses, we don't know what else he may have done at the hearing because the city destroyed the records in the case. Okay. So tell me how we neatly tailor that, that the decision would not be taken as us indicating that you have to be an attorney and representing someone in an administrative proceeding. I think that would be an appropriate thing for the court to do, but I don't think it's necessarily required to. I think the court can look at this case and say based on the facts of this case, the public court was correct, including that Keith Johnson did, in fact, engage in unauthorized practice law. I mean, I think if the court wanted to go further, obviously you're permitted to do what the only Supreme Court wants to do, but I think in a lot of ways the city is asking for, in some respects, an advisory opinion. I guess I'm having difficulty separating the fact that this, you know, we talk about downtown disposal. I'm not sure that's on point because that case involved a non-attorney filing a complaint in the circuit court. Now we have a non-attorney in an administrative proceeding, so I'm having difficulty saying how it wouldn't somehow come out to a blanket rule that in an administrative proceeding you have to be an attorney. I think you're splitting it at what this particular person did in this administrative proceeding. I think it's very possible the fact of the court's opinion could be that, but I think, you know, if anything, that would be a proper decision. I mean, the problem you have in the city, and they're very quick pointing out that there's over half a million cases and I think they used 86% of the cases under $10,000, but that makes over 14% of the Department of Administrative hearings over $50,000 or over $10,000. Their jurisdictional limit is $50,000. In their brief they cite in 2013 alone there was over 80,000 cases that involved fines of over $10,000. And the city's quick to point out the small claims rule. But the difference in the small claims rule is that is by the rulemaking authority of this court. The circuit court doesn't allow corporations to represent defendants, just ad hoc. What happened, that was through this court's rulemaking authority. The public has a chance to comment. Any interested parties are allowed to comment. If, indeed, there should be a rule and some sort of exception to attorneys, you know, not requiring attorneys for corporations, it shouldn't be done by the city on its own for, you know, this court's role is to define and regulate the practice of law, but it should be done through a rulemaking provision. And it's never been done, and that's a major difference in this case. If Johnson, in fact, did engage in the unauthorized practice of law, is the order void or voidable? I don't think that's really an issue in this case. I think based upon downtown disposal those factors were never assessed because the trial court never found that. I think if you look at the court's, you know, this court's opinion in downtown disposal, you have to look at the different factors. We contend that the decision should be void, but I think in this case you don't need to get there because what happened in this case is the appellate court found that Stone Street was never properly served in the case. And what the city argued was that Johnson, or Stone Street through Johnson, waived a defect in service. And what Justice DeLorte said was if you have an unauthorized corporate representative doing unauthorized practice of law, that person can't waive it. So we really never got down to the issue of whether or not the order was void or voidable. The court was simply without jurisdiction, and it's a void order because of that, and because it's a void order, you could either attack it directly or collaterally is pretty much, I hope I answered your question. I'm not sure I got the answer. So you're saying that this was a void judgment? Based on jurisdiction, right. But I don't think the court had to go through the analysis of because of unauthorized practice of law, whether it's void or voidable, as the court did, you know, set forth factors in downtown disposal. But to consider what to do, you know, what is the judgment line in our case, if we would agree with you, what do we do? In other words, is this judgment void? It's void because of a lack of jurisdiction, that the record is clear. The city waived it if you're not appealing the appellate court's determination that service is improper. What the city tried and found was that by Mr. Johnson appearing on behalf of Stone Street, that somehow he waived the defect in notice. And because he wasn't authorized by Stone Street to appear, and because he's not authorized to practice law, which we claim it was, then he couldn't have waived the defect in service. So the trial, so DOA never acquired jurisdiction in the first place over Stone Street. So every decision from the administrative hearing in which there was not an attorney representing a corporation or a non-attorney representing an individual, all of those judgments could be attacked as void now? I believe so. I think you'd be open to it. I don't think that was the issue in this case. But I think you have to go back to prior to downtown disposal, I think it was universally accepted by most people that it was pretty much automatically void by a lot of appellate courts. And the court in downtown disposal said it's not automatic, but you have to go through certain factors. I think based upon the current state law in downtown disposal, you'd have to look at the factors and say, based on that, would it be a void order? And one of those would be, you know, did the city in this case allow it? You know, what steps did they take to correct unauthorized practice law, which we claim they really took no steps. But one point I'd like to emphasize that's kind of important, you know, first of all, the city said there's apparent authority. And the apparent authority was never properly raised in the first place by the city. If you look at the appellate court's decision, they don't challenge the notice part. They don't challenge appellate court's determination that Johnson appeared without authority. And I'm sure this court's aware for apparent authority to develop, it has to be not what the purported agent, how he held himself out to be. But there's got to be evidence that Stone Street, you know, cloaked Mr. Johnson with authority so that a reasonable person would assume that Mr. Johnson had authority. It's not what an unauthorized agent portrays to a third party. And there's no evidence in the record, if you look at the administrative record, that Stone Street ever held Johnson out to be anything that he wasn't. There's just no evidence in that regard. What about the fact that he signed an entry of appearance? The problem with that, the city does. If you look at the small claim statute, and it's a very good question, in order to represent a corporation, first of all, it's got to be a defendant under the Supreme Court rule. And second of all, that person has to be either an officer, director, and I believe the rule has the term supervisor. If you look at the city's rule, they can represent anybody, individuals, and all it says is it has to be an agent. But the problem with the city's rule is there's no assurances that the person from the corporation had authority. Here you have an unauthorized agent signing a form saying, I assess that I've got authority, but there's no assurances whatsoever from the corporation. And that's really the difference in the city's rule in a lot of respects and this court's rule-making authority there. And we do ask for cross-relief in this case. And I know the court brought up, and they asked the city, and I don't think the city answered the question directly that was posed to them, was in order to revive a judgment, doesn't that judgment have to be revived in the court in which the judgment was originally entered? In the statute we set forth in our brief, it's very, very clear that it must be revived in the same court. Here the 2012 revival was not revived in Doha, that it was revived in the circuit court of Cook County. If you look at the plain language of the statute we set forth in our brief, and I'm sure this court's very well aware of the plain meaning of the statute and so forth, it's very clear, and it says, it shall be revived in the court in which the judgment was initially entered. None of the cross-relief issues were raised, well they were raised in the appellate court, but they weren't addressed by the appellate court, right? No, no, they were not. So we could always send that back to the appellate court to take a look at it, right? Is that your alternative request? I think it's a matter of law. We'd prefer that this court decide it, but I mean obviously you're free to send it back to the appellate court. It's really an additional basis to affirm the appellate court too, so I mean in theory you cannot reach that question and still affirm the appellate court based on unauthorized practice law and on that end. So if the court doesn't have any further questions, which I'm happy to answer or try to, we'd request that the appellate court decision be affirmed, that our cross-relief be granted, and thank you for your time. Thank you, sir. I just want to emphasize about the administrative record, that the record was destroyed in conformance with the Local Records Act and the certificate authorizing that is in the record. Also, both Stone Street and the appellate court were of the view that they had everything they needed to conclude that Mr. Johnson was engaged in the unauthorized practice of law by filing the appearance and presenting those two factual bits of information. Stone Street admits this in its brief, that whatever else might have been in the record,  as I understood the argument that counsel was making, that this court should somehow limit its decision based only to what Johnson was doing. If that's the case, then the decision below should be vacated. It went far, much further than that, with a sweeping rule that everything that happens at the department is the unauthorized practice of law. That was the ruling below, and if so, that should be vacated. Certainly, also, if what Mr. Johnson did is the practice of law, then everything is, because he really, the record shows, which apparently is enough to show the practice of law, according to the appellate court, all he did is file this appearance and tender a photograph and a work order. As far as the comparison of the jurisdictional limits between the department and the small claims court, it's true that small claims has a jurisdictional limit of 50,000, I'm sorry, that the department, excuse me, has a jurisdictional limit of $50,000. Practically speaking, as we cite in our brief, the cases, 87% of the cases come in under $10,000, where there's a liability finding, with the average being $454. If a party is concerned about a higher finding, where there's perhaps 11 consolidated cases, as the one case that the appellate court relied on, or more violations, they can always get an attorney. We want to emphasize that that's always an option. This case is to preserve the option of lay representation for simple and low-stakes cases. As far as the rulemaking option that counsel was stressing, we have a case here where the appellate court made a very broad, sweeping ruling, holding that the unauthorized practice of law occurs at the Department of Administrative Hearings, in every case at the Department of Administrative Hearings. We submit this court has full judicial power to reverse that ruling without the need for special rulemaking process. The decision may be invalidated if this court may decide the case. It also happens to have amicus briefs filed on both sides by major corporate organizations, by the ISBA, by the Attorney General. So we have major players here to give the court input, much as the court would have in the rulemaking process. Just a couple final points. Counsel did propose that all judgments might be void now, that were entered at the Department of Administrative Hearings, without lawyers for corporations. No doubt, because Stone Street has filed a class-action lawsuit against the city, which has stayed now pending this case, asking for that, making that very claim. And we, of course, disagree with that, and we don't think the appellate court's ruling even would support that. But we do submit in our brief that all the factors for prospective relief would be met in this case, and we rest on our brief again for that point. And just finally, to return to Justice Freeman's question on the cross-relief issues, although we do submit that because the appellate court did not reach that, those should not be decided here. The revival did occur in the same case. The statute does require a revival to occur in the same case, which it did. The DOH judgment was registered in the circuit court, and when it was revived, the city did go back to the circuit court in that registered case number for the revival. And for all these reasons, we ask that the judgment of the appellate court be reversed and that the cross-relief request be denied. Thank you very much. Case number 117720, Stone Street Partners, LLC, appellate cross-appellant versus the City of Chicago, Department of Administrative Hearings, et al., as appellants and cross-appellees, will be taken under advisement as agenda number 7. Ms. Casper, Mr. Linden, thank you for your arguments this morning. You're excused. Marshal, the Supreme Court is going to take a brief recess.